(No. 3025— )

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

JOHN W. PREIHS, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General; HON. C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant was injured on February 2, 1936, in an accident arising out of and in the course of her employment as a supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness and general paralysis. The facts are fully detailed in the case of *Penwell* v. *State,* 11 C.C.R. 365, in which an award was made to the claimant of $5,500.00 for total permanent disability, $8,215.95 for necessary medical, surgical, and hospital services expended or incurred to and including October 22, 1940, and an annual pension of $660.00. On February 10, 1942, a further award was made to claimant for medical and hospital expenses incurred from October 22, 1940, to January 1, 1942, in the amount of $1,129.82. On March 10, 1943, a further award was made to claimant for medical and hospital expenses from January 1, 1942, to December 31, 1942, in the amount of $1,164.15. On March 15, 1944, a further award was made to claimant for medical and hospital expenses from January 1, 1943, to and including September 30, 1943, in the amount of $853.07. On April 17, 1945, a further award was made to claimant for medical and nursing expenses incurred from October 1, 1943, to and including February 28, 1945, in the amount of $1,955.29. On September 12, 1946, a further award was made to claimant for medical and nursing expenses incurred from February 28, 1945, to and including April 1, 1946, in the amount of $1,646.12. On June 5, 1947, a further award was made to claimant for medical and nursing expenses incurred from April 1, 1946, to and including April 1, 1947, in the amount of $2,108.30. On April 19, 1949, a further award was made to claimant for medical and nursing expenses incurred from April 1, 1947, to and including April 1, 1948,

in the amount of $2,207.80. Claim is now being made for an additional award of $1,850.19 for medical and nursing expenses from April 1, 1948, to and including February 1, 1949.

Claimant remains totally paralyzed from the waist down, the paralysis being of a spastic type; her physical condition has not improved. She has no control over her lower limbs, nor over her urine and faeces. From April 1, 1948, to and including February 1, 1949, she has been required, to relieve her of her injury, and to prevent deformity and to stimulate circulation, and for relief of bedsores, to employ and receive medical services and nursing attention. She remains helpless, requiring the services of nurses or attendants to move her to and from her bed, to change her bed clothing at least three or four times a day, to administer light treatment to the affected parts of her paralyzed body, and to rub her body with ointments prescribed by her physician. Because of the complete paralysis of her lower abdomen and legs, the functioning of her kidneys and bladder is impaired, and medical attention is required to flush these organs and to prevent infection arising from her impaired circulation and paralysis. The services of a physician are needed almost daily and must be rendered in her home.

Claimant has therefore employed a physician on a monthly basis at a charge of $90.00 per month, which is a lesser rate than ordinarily charged, and for which she seeks reimbursement, in the total sum of $900.00. Claimant also seeks reimbursement, at the rate of seventy-five cents per day, in the total amount of $229.50 for board and room of attending nurses. Such expenditure obviates the employment of both a day and a night nurse. In addition, claimant has expended, for nursing

services, $608.61, and for drugs and supplies, $112.08. She has submitted to the Court, with her verified petition, the original receipts and vouchers showing payment of these respective items.

This Court has heretofore held that under Section 8, Paragraph (a) of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. (*Penwell* v. *State*, supra.) There has been no change in claimant's physical condition to justify the denial of an award at this time. The services claimed appear to have been reasonably required and the charges to be reasonable and just.

Award is, therefore, made to the claimant for medical and nursing expenses from April 1, 1948, to and including February 1, 1949, in the sum of $1,850.19, which has accrued and is payable forthwith. The Court reserves for future determination claimant's need for further medical, surgical and hospital services.